

FILED
2016 Jun-01  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DONNA G. LOWERY, JOEL S. KELLY, III, BLAKE M. ELLIS, and SHEILA GARRETT, individually and on behalf of all others similarly situated** | ) ) ) ) ) | **CASE NO. 2:16-cv-00862-JEO** |
| **Plaintiffs,** | ) ) | **OPPOSED** |
| **v.** | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| **IOD, INC., and CIOX HEALTH, LLC** | ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

David W. Proctor (ASB-3254-P74D)
R. Rhett Owens (ASB-9215-A52O)

Attorneys for Defendants
IOD, INC. AND CIOX HEALTH, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
dproctor@burr.com
rrowens@burr.com

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION. ............................................................................................ 1

II. PROCEDURAL BACKGROUND.................................................................. 2

III. ARGUMENT................................................................................................ 4

   A.  Applicable standards of review. ................................................................ 4

   B.  This Court does not have subject matter jurisdiction over the Named
       Plaintiffs' claims. ...................................................................................... 8

      1.  The imposition of sales tax under Alabama law........................................ 8

      2.  Challenging sales tax assessments under Alabama law.......................... 10

      3.  The Named Plaintiffs did not invoke TBOR's mandatory refund
          procedures, thus depriving this Court of subject matter jurisdiction over
          their claims........................................................................................... 11

   C.  Defendants owed the Named Plaintiffs no duty relative to the collection and
       remission of sales tax to ADOR. .............................................................. 15

   D.  The Named Plaintiffs' fraud claims fail as a matter of law. ....................... 21

      1.  Alleged misrepresentations of law cannot serve as the basis for actionable
          fraud claims under Alabama law. ........................................................ 21

      2.  The Named Plaintiffs' fraud claims are not pled with the requisite
          particularity......................................................................................... 23

   E.  Injunctive relief is a remedy under Alabama law, a claim for such relief does
       not exist. .................................................................................................. 26

IV. CONCLUSION ........................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*Acosta v. Campbell*
309 F. App'x 315 (11th Cir. 2009) ..................................................... 6

*Allen Trucking Co., Inc. v. Blakely Peanut Co.*
340 So. 2d 452 (Ala. Civ. App. 1976) ............................................. 18

*American Dental Ass'n v. Cigna Corp.*
605 F. 3d 1283 (11th Cir. 2010) ...................................................... 24

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986) ......................................................................... 7

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ......................................................................... 6

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ......................................................................... 6

*Blass v. Rite Aid of Connecticut, Inc.*
16 A. 3d 855 (Conn. Super. Ct. 2009), *aff'd*, 16 A. 3d 737 (Conn. App. 2011) .24, 25

*Bonedaddy's of Lee Branch, LLC v. City of Birmingham*
No. 1131338, 2015 WL 5192185 (Ala. Sept. 4, 2015) ..................................... 14

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*
116 F.3d 1364 (11th Cir. 1997) ...................................................... 24

*Calhoun Pub. Co., Inc. v. State*
513 So. 2d 643 (Ala. Civ. App. 1987) ........................................... 9, 19

*City of Crossville v. Haynes*
925 So. 2d 944 (Ala. 2005) ............................................................ 17

*Clayton v. Glasscock*
127 So. 538 (Ala. 1930) ................................................................. 22

*Dandy's Discount Package Store, Inc. v. Sizemore*
597 So. 2d 1370 (Ala. Civ. App. 1992) .......................................... 19

*Empiregas, Inc. of Ardmore v. Hardy*
487 So. 2d 244 (Ala. 1985) ............................................................ 22

*General Motors Acceptance Corp. v. City of Red Bay*
894 So. 2d 650 (Ala. 2004) ........................................................ 12, 13

*Georgia Power Co. v. Cazier*
  740 S.E. 2d 458 (Ga. Ct. App. 2013) ................................................................ 14

*Gill v. GMAC Ins. Co.*
  No. 2:08cv779–WHA, 2009 WL 103189 (M.D. Ala. Jan. 14, 2009) ............... 22

*Huntsville v. Smartt*
  409 So. 2d 1353 (Ala. 1982) ............................................................................ 13

*Jefferson County v. Hard*
  149 So. 81 (Ala. 1933) ..................................................................................... 19

*Johnson v. Sorensen*
  914 So. 2d 830 (Ala. 2005) ............................................................................... 23

*Jones v. Forniss*
  No. 2:08–CV–220–MHT, 2010 WL 5677100 (M.D. Ala. December 15, 2010). 7,
  8

*Kawa v. Wakefern Food Corp. Shoprite Supermarkets, Inc.*
  24 N.J. Tax 444 (N.J. Super. Ct. App. Div. 2009) ........................................... 15

*Keebler v. Winfield Carraway Hosp.*
  531 So. 2d 841 (Ala. 1988) ............................................................................... 18

*Kimerling Truck Parts, Inc. v. City of Birmingham*
  No. CV–04–CO–00767–S, 2005 WL 4157440 (N.D. Ala. Nov. 17, 2005) *aff'd
  sub nom*,
  *Kimerling Truck Parts, Inc. v. Feigelson*
  180 Fed. App'x 846 (11th Cir. 2006) ................................................................ 26

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994) ........................................................................................... 4

*Larrieu v. Wal-Mart Stores, Inc.*
  872 So. 2d 1157 (La. Ct. App. 2004) ................................................................ 15

*Lawrence v. Dunbar*
  919 F. 2d 1525 (11th Cir. 1990) ...................................................................4, 5

*Loeffler v. Target Corp.*
  324 P. 3d 50 (Cal. 2014) ................................................................................... 14

*McGonagle v. Home Depot, U.S.A, Inc.*
  915 N.E. 2d 1083 (Mass. App. Ct. 2009) ......................................................... 25

*Merriwether v. State*
  42 So. 2d 465 (Ala. 1949) ................................................................................ 10

*Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*
    105 F. 3d 599 (11th Cir. 1997) ............................................................................. 5

*Moore v. Walter Coke, Inc.*
    294 F.R.D. 620 (N.D. Ala. 2013).................................................................... 26

*Morris v. Automobile Ins. Co. of Hartford, Conn.*
    No. 2:12-CV-00837-RDP, 2012 WL 3637624 (N.D. Ala. Aug. 17, 2012)........ 23

*Neitzke v. Williams*
    490 U.S. 319 (1989) ........................................................................................ 6

*Nettles v. City of Leesburg—Police Dep't*
    415 F. App'x 116  (11th Cir. 2010) ................................................................ 7

*Oxford Asset Mgmt., Ltd. v. Jaharis*
    297 F.3d 1182 (11th Cir. 2002) ...................................................................... 6

*Patterson v. Gladwin Corp.*
    835 So. 2d 137 (Ala. 2002)........................................................................12, 13

*RaCON, Inc. v. Tuscaloosa County*
    953 So. 2d 321 (Ala. 2006)............................................................................ 17

*Ross Jewelers v. State*
    72 So. 2d 402 (Ala. 1953).............................................................................. 17

*Russell Petroleum, Inc. v. City of Wetumpka*
    976 So. 2d 248 (Ala. 2007)............................................................................ 14

*Serna v. H.E. Butt Grocery Co.*
    21 S.W. 3d 330 (Tex App. 1999).................................................................... 15

*Smith v. Sears, Roebuck & Co.*
    672 So. 2d 794 (Ala. Civ. App. 1995) ......................................................19, 20

*State v. Amerada Hess Corp.*
    788 So. 2d 179 (Ala. Civ. App. 2000) ........................................................... 14

*Waddell v. Valley Forge Dental Associates, Inc.*
    276 F.3d 1275 (11th Cir. 2001) ...................................................................... 8

*Walker v. Darby*
    911 F.2d 1573 (11th Cir. 1990) ...................................................................... 7

*Williamson v. Secretary of Veteran Affairs,*
    F. Supp. 3d, No. 5:15-cv-00806-AKK, 2015 WL 5935169 (N.D. Ala. Oct. 13,
    2015)............................................................................................................4, 5

*Zayas v. Gregg Appliances, Inc. d/b/a H.H. Gregg Appliances*
    676 N.E. 2d 365 (Ind. Ct. App. 1997) ................................................. 15

## **Statutes**

Ala. Code § 12-21-6 ................................................................... 16

Ala. Code § 40-23-1 ..................................................................... 8

Ala. Code § 40-23-2 ................................................................9, 16

Ala. Code § 40-23-26 ................................................................... 9

Ala. Code § 40-23-35 ................................................................. 19

Ala. Code § 40-2A-1 ..........................................................1, 8, 10

Ala. Code § 40-2A-2 ................................................................... 10

Ala. Code § 40-2A-7 ......................................................10, 11, 13

## **Rules**

Fed. R. Civ. P. 12(b) .....................................1, 4, 5, 6, 14, 26

Fed. R. Civ. P. 56(a) ...................................................................... 7

Fed. R. Civ. P. 8(a) ........................................................................ 6

Fed. R. Civ. P. 81(c) ...................................................................... 4

Fed. R. Civ. P. 9(b) ..........................................................1, 23, 24

Pursuant to Fed. R. Civ. P. 9(b)  and 12(b), Defendants IOD, Inc. ("IOD") and CIOX Health, LLC ("CIOX") (collectively, "Defendants") hereby submit their Motion to Dismiss the Complaint filed by Plaintiffs Donna G. Lowery, Joel S. Kelly, III, Blake M. Ellis, and Sheila Garrett (the "Named Plaintiffs"), individually and on behalf of all others similarly situated.   In support, Defendants state as follows:

## I. INTRODUCTION.

This court is without subject matter jurisdiction over the common law negligence and fraud claims asserted against Defendants because the Named Plaintiffs did not comply with statutory procedures regarding taxpayer requests for sales tax refunds.  Specifically, Alabama's Taxpayer Bill of Rights and Uniform Revenue Procedures Act, Ala. Code § 40-2A-1, *et seq.* ("TBOR"), sets forth the procedure that must be followed in seeking a sales tax refund.  Because the Named Plaintiffs have not followed this statutorily-required procedure, this Court does not have subject matter jurisdiction over the claims asserted and must dismiss them.

Even if this Court did have subject matter jurisdiction over the Named Plaintiffs' negligence and fraud claims (it does not), these claims are due to be dismissed.  Specifically, the Named Plaintiffs' negligence claims fail because Defendants did not owe a duty to the Named Plaintiffs with respect to collecting and remitting to the Alabama Department of Revenue ("ADOR") the sales tax

27529581 v1

1

made the basis of this action.  Rather, under Alabama law, Defendants' exclusive

duty in this respect was to ADOR, thus eliminating the Named Plaintiffs' ability to

assert a viable negligence claim against Defendants based on what they allege is

Defendants' violation of Alabama's sales tax statute.  And the Named Plaintiffs'

fraud claims fail because they are based on an alleged misrepresentation of law,

not fact (as is required to establish an actionable claim), and are not pled with the

specificity required under the Federal Rules of Civil Procedure.

Finally, the Named Plaintiffs' "claim" for injunctive relief fails because such

relief is, of course, a remedy and not a claim and, thus, with respect to their request

for injunctive relief, the Named Plaintiffs have failed to state a "claim" upon which

relief can be granted.

## II. PROCEDURAL BACKGROUND

1.      On April 15, 2016, Plaintiffs, Donna G. Lowery, Joel S. Kelly, III,

Blake M. Ellis, and Sheila Garrett (the "Named Plaintiffs"), individually and on

behalf of "all others similarly situated," filed a putative class action complaint (the

"Complaint") in the Circuit Court of Jefferson County, Alabama, naming IOD and

CIOX as the only two (2) Defendants.  A true and correct copy of the Complaint is

attached as Exhibit 1.

2.      The essential allegation at the heart of the Complaint is that "despite

clear Alabama law to the contrary, Defendants have in the past charged and

continue to charge sales tax on the basic fee and/or search fee charged to the Plaintiffs and putative class members; charge sales tax on the costs of reproduction of medical records" and, "[a]s a result, Plaintiffs and putative class members have paid and continue to pay excess sales tax that Defendants were not entitled to collect."  Complaint, at ¶¶ 19, 20.

3.      The Named Plaintiffs assert five (5) claims arising from this essential allegation: (1) negligence as to the imposition of sales tax fees based upon search or "basic" fees; (2) negligence as to the imposition of sales tax fees on the costs of reproduction; (3) fraud as to the imposition of sales tax fees based upon search and/or basic fees; (4) fraud as to the imposition of sales tax fees on the costs of reproduction; and (5) declaratory and injunctive relief.  *See generally*, Complaint, at pp. 10-14.

4.      The Named Plaintiffs assert these claims on behalf of themselves and a class of putative plaintiffs described as follows:

> All individuals, or entities on behalf of individuals, residing within the State of Alabama, that requested medical records from any medical provider that utilized the services of IOD, Inc., and/or any CIOX Health company and paid sales tax on the itemized search and/or basic fee and/or costs of reproducing those medical records from 2014 to the present.

Complaint, at ¶ 45.

5.     A notice of removal of the Named Plaintiffs' class action was filed with this Court on May 25, 2016 and, as such, this motion to dismiss is timely filed under Fed. R. Civ. P. 81(c)(2)(C).

## III. ARGUMENT

### A.     Applicable standards of review.

A motion to dismiss under Fed. R. Civ. P. 12(b) (1) may be based upon either a facial or factual challenge to the complaint.  *Williamson v. Secretary of Veteran Affairs*, —F. Supp. 3d—, No. 5:15-cv-00806-AKK, 2015 WL 5935169, at *2 (N.D. Ala. Oct. 13, 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Where the challenge is facial, the court must merely "'see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'"  *Williamson*, *supra*, 2015 WL 5935169, at *2 (quoting *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Cir. 1990) (holding that "on a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion…")).  Conversely, where the attack on subject matter jurisdiction is factual, "the existence of subject matter jurisdiction is considered irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Williamson*, *supra*, 2015 WL 5935169, at *2 (internal quotation omitted).  In cases involving factual attacks on subject matter jurisdiction, the court

should apply a summary judgment standard of review.  *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F. 3d 599, 603 (11th Cir. 1997) (citing *Lawrence*, *supra*, 919 F. 2d at 1530).  Under either variety of challenge to the subject matter jurisdiction of the Court, facial or factual, the burden of proof is on the party averring jurisdiction—in this case, the Named Plaintiffs.  *Williamson*, *supra*, 2015 WL 5935169 at *2.

The Named Plaintiffs have neither explicitly alleged nor impliedly suggested in their Complaint that they complied with TBOR.  Instead, their jurisdictional allegations are limited to the invocation of Alabama law in support of their allegation that the Circuit Court of Jefferson County, Alabama has jurisdiction over their claims.  Complaint, at ¶ 1.  Thus, there is no allegation in the Complaint upon which the Court could rely in determining that the Plaintiffs' failure to comply with TBOR deprives it of subject matter jurisdiction, i.e. a facial attack, which suggests that the arguments herein should be construed as a factual attack on the Court's subject matter jurisdiction.  Nevertheless, in an abundance of caution, the standards of review relative to both a Rule 12(b)(6) motion to dismiss and a Rule 56(a) motion for summary judgment, which is applicable to factual attacks on subject matter jurisdiction, are set forth below.

Under Fed. R. Civ. P. 12(b)(6), the Court should dismiss Plaintiffs' claims if, accepting the allegations as true, they fail to state facts that support relief.  The

primary purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of the complaint against the legal standard set forth in Rule 8," which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Acosta v. Campbell*, 309 F. App'x 315, 317 (11th Cir. 2009) (quoting FED. R. CIV. P. 8(a)(2)).  Notably, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

In reviewing a complaint, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citation omitted).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57, 570).  Stated differently, "'[t]he pleading must contain something more…than…a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action.'" *Nettles v. City of Leesburg—Police Dep't*, 415 F. App'x 116, 120 (11th Cir. 2010) (citation omitted).

Summary judgment under Fed. R. Civ. P. 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Jones v. Forniss*, No. 2:08–CV–220–MHT, 2010 WL 5677100, at *2 (M.D. Ala. December 15, 2010).

To survive a properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting its claims. *Jones*, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "If the evidence [on which the nonmoving party relies] is merely colorable...or is not significantly probative...summary judgment may be granted." *Jones*, at *2 (quoting *Anderson* at 249–250).  Plaintiff's presentation of "[a] mere 'scintilla' of evidence" will not suffice; "there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Jones*, at *2 (quoting *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990)).  Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for

summary judgment.   *Jones*, at *2 (citing *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (emphasis added)).

**B.**   **This Court does not have subject matter jurisdiction over the Named Plaintiffs' claims.**

In Alabama, sales tax is imposed by statute on retailers of "tangible personal property."   The procedure for challenging sales tax assessments, such as that made the basis of the Named Plaintiffs' Complaint, is also established by statute; specifically, Alabama's Taxpayer Bill of Rights, Ala. Code § 40-2A-1, *et seq*.   The Named Plaintiffs did not utilize these procedures, choosing instead to assert common law claims for monetary, declaratory and injunctive relief based on what they allege is Defendants' improper assessment of sales tax.   As discussed below, Alabama case law is consistent in holding that a trial court is without subject matter jurisdiction over a tax-related refund claim if the proponent of said claim has not followed the refund procedures set forth in TBOR.

**1.**   **The imposition of sales tax under Alabama law.**

Sales tax in Alabama is established under and governed by Ala. Code § 40-23-1, *et seq.*, which provides, in relevant part:

> There is levied…a privilege or license tax against the person on account of the business activities in the amount to be determined by the application of rates against gross sales, or gross receipts, as the case may be, as follows: (1) [u]pon every person, firm, or corporation…engaged or continuing within this state, in the business of selling at retail any tangible personal property whatsoever,

> including merchandise and commodities of every kind
> and character…an amount equal to four percent of the
> gross proceeds of sales of the business except where a
> different amount is expressly provided herein.

ALA. CODE § 40-23-2(1).

Ala. Code § 40-23-26(a) closely tracks § 40-23-2 (1) in providing:

> Every person, firm, corporation, association or
> copartnership engaged in or continuing within this state
> in the business for which a license or privilege tax is
> required by this division shall add to the sales price and
> collect from the purchaser on all sales upon the gross
> receipts or gross proceeds of which there is levied by this
> division a sales tax at the rate of four percent, $.04 tax for
> each whole dollar of sales price…

ALA. CODE § 40-23-26(a)

§ 40-23-26(b)  makes it "unlawful" not only to "fail or refuse to add to the

sales price and collect from the purchaser" the sales tax established under the

applicable provision, but also to "refund or offer to refund all or any part of the

amount collected, or to absorb or advertise directly or indirectly the absorption or

refund of the amount required to be added to the sales price and collected from the

purchaser, or any portion of such amount."  ALA. CODE § 40-23-26(b).

When read together, these provisions establish the duty of the seller "at

retail" of "tangible personal property" to collect and remit sales tax to ADOR.  *See*

*Calhoun Pub. Co., Inc. v. State*, 513 So. 2d 643, 645 (Ala. Civ. App. 1987) ("In

Alabama, although the retail sales tax is levied against the ultimate consumer, the

burden is upon the seller to collect from the purchaser the amount of tax due on a sale, and the State looks to the seller for the tax.") (citing *Merriwether v. State*, 42 So. 2d 465 (Ala. 1949)).

### 2.      Challenging sales tax assessments under Alabama law.

In drafting the TBOR, the Alabama Legislature intended to "provide equitable and uniform procedures for the operation of the [ADOR] and for all taxpayers when dealing with the [ADOR]"  ALA. CODE § 40-2A-2(1)(a).  The Legislature further provided that while TBOR should be "liberally construed to allow substantial justice," its provisions prevail over other specific statutory provisions in the event of a conflict.  *Id.*, at § 40-2A-1 (a) and (b).

TBOR mandates that in seeking a refund of "any overpayment of tax or other amount erroneously paid to the department or concerning any refund which the department is required to administer," "a petition for refund of sales or use taxes pursuant to Chapter 23…*shall* be filed jointly by the taxpayer who collected and paid over the tax to the department *and* the consumer/purchaser who paid the tax to the taxpayer."  ALA. CODE § 40-2A-7(c)(1) (emphasis added).  TBOR further provides that "[a] direct petition may be filed by the taxpayer if the taxpayer never collected the tax from the consumer/purchaser, or if the tax has been credited or

repaid to the consumer/purchaser by the taxpayer." *Id.*[1]  The procedure for appeal of the denial of a petition for refund of sales tax is also addressed in TBOR; specifically, a "taxpayer" may appeal such denial, within two (2) years from the date of the denial, to the Alabama Tax Tribunal or with the Circuit Court of Montgomery County or the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama.  ALA. CODE § 40-2A-7(c)(5) .

> **3.    The Named Plaintiffs did not invoke TBOR's mandatory refund procedures, thus depriving this Court of subject matter jurisdiction over their claims.**

Here, the gravamen of the Named Plaintiffs' Complaint is that they are seeking a refund of sales tax they allege was wrongly collected by Defendants. Although no mention of ADOR in made in the Complaint, the sales tax which the Named Plaintiffs seek to have refunded has been remitted by Defendants to ADOR.  As such, the Named Plaintiffs' refund demand falls within the scope of TBOR.  The Named Plaintiffs have not complied with TBOR's refund procedures, choosing instead to bypass such procedures in favor of asserting their claims in the Circuit Court of Jefferson County.

A number of binding decisions in Alabama hold that a circuit court is without jurisdiction to consider a Plaintiff's tax-related claim if Plaintiff has failed

---

[1] Neither of these contingencies apply, as the Named Plaintiffs allege that sales tax was collected by Defendants, and the essential purpose of their lawsuit is to seek its refund.

to comply with TBOR. For example, in *General Motors Acceptance Corp. v. City of Red Bay*, 894 So. 2d 650 (Ala. 2004), GMAC appealed from a class-certification order obtained by the City of Red Bay and Franklin County, Alabama in a case in which these governmental entities alleged that GMAC failed to collect and remit applicable sales and rental taxes. The issue before the *Red Bay* Court was whether the city and county's failure to comply with the TBOR "deprived the trial court of jurisdiction to consider the class action" filed by the city and county. *City of Red Bay*, at 894 So. 2d at 652-53. In addition to holding that the TBOR applied to local taxing jurisdictions, such as the city and county, the *Red Bay* Court also held that the city and county's "failure…to comply with the provisions of the TBOR before filing their complaint ***deprived the trial court of jurisdiction***," and, thus, the class-certification order was due to be vacated and the case dismissed. *Id.*, at 655-56 (emphasis added).

In reaching its decision, the Court relied on *Patterson v. Gladwin Corp.*, 835 So. 2d 137 (Ala. 2002). In *Patterson*, a corporate plaintiff brought a class action on its behalf and on behalf of similarly situated corporations against the State of Alabama for refund of previously paid corporate franchise taxes. In appealing the trial court's class certification order, the Commissioner of ADOR argued that the case should be dismissed "on the ground that the Taxpayers have not invoked the trial court's jurisdiction…because the Taxpayers have not availed themselves of the

refund procedures provided in the TBOR," specifically, those set forth at Ala. Code § 40-2A-7(c)(5). *Patterson*, 835 So. 2d at 141. With respect to the issue of whether the trial court had jurisdiction over plaintiffs' claims, the *Patterson* Court drew a distinction between the TBOR and Alabama's "doctrine of exhaustion of administrative remedies," a doctrine requiring courts to "decline relief" where "a controversy is to be initially determined by an administrative body," until such "remedies have been explored and, in most instances, exhausted." *Id.* (quoting *City of Huntsville v. Smartt*, 409 So. 2d 1353 (Ala. 1982) (other internal citations omitted)).

Importantly, the *Patterson* Court held that while the doctrine of exhaustion of administrative remedies is "a judicially imposed prudential limitation, not an issue of subject-matter jurisdiction," the TBOR is "***jurisdictional on its face.***" *Patterson*, 835 So. 2d at 141-42, 153-54 (emphasis added). As such, plaintiffs' failure to invoke the TBOR in seeking a refund of previously paid franchise taxes meant that the circuit court was "without jurisdiction to entertain this action," thus leading the Court to vacate its class-certification order and dismiss the case. *Id.*, at 154.

The *Red Bay* and *Patterson* Courts are not alone in holding that a party's failure to comply with the TBOR deprives a trial court of jurisdiction to consider claims falling within the TBOR's scope. *See Bonedaddy's of Lee Branch, LLC v.*

*City of Birmingham*, No. 1131338, 2015 WL 5192185 (Ala. Sept. 4, 2015) ("we hold that the City's failure to comply with provisions of the TBOR before it filed its complaint seeking to collect the sales taxes from Cowan deprived the trial court of jurisdiction over the City's claim for sales taxes against Cowan."); *accord Russell Petroleum, Inc. v. City of Wetumpka*, 976 So. 2d 248 (Ala. 2007); *see also State v. Amerada Hess Corp.*, 788 So. 2d 179, 185 (Ala. Civ. App. 2000) (affirming trial court's dismissal under Ala. R. Civ. P. 12(b)(1) and 12)(b)(6) of claims asserted by ADOR for recovery of past due severance taxes based on the trial court's "lack of subject-matter jurisdiction resulting from the Department's failure to follow the procedures mandated by the Taxpayers' Bill of Rights").

Alabama is hardly alone in relying on administrative remedies in lieu of private civil actions for sales tax disputes.  In fact, Alabama's TBOR is consistent with the general rule nationwide, which provides that customer may not sue businesses to recover sales taxes allegedly collected unlawfully under any theory when the state legislature has provided a separate remedial scheme for a refund. *See*, *e.g.*, *Loeffler v. Target Corp.*, 324 P. 3d 50 (Cal. 2014) (putative class action asserting violations of state consumer protection laws for retailer's assessment of sales tax on coffee sold "to go"); *Georgia Power Co. v. Cazier*, 740 S.E. 2d 458 (Ga. Ct. App. 2013) (putative class action against power company asserting improper assessment of sales tax on "nuclear construction cost recovery fee" and

municipal franchise fee); *Kawa v. Wakefern Food Corp. Shoprite Supermarkets, Inc.*, 24 N.J. Tax 444 (N.J. Super. Ct. App. Div. 2009) (putative class action against vendor asserting violations of state consumer protection laws, breach of fiduciary duty, and common law fraud for assessing sales tax on pre-coupon and pre-loyalty card prices); *Larrieu v. Wal-Mart Stores, Inc.*, 872 So. 2d 1157 (La. Ct. App. 2004) (putative class action against vendors for assessment of excessive sales tax on calling cards); *Serna v. H.E. Butt Grocery Co.*, 21 S.W. 3d 330 (Tex App. 1999) (putative class action against retailer for common law fraud for overcharging sales tax on miscellaneous goods); *Zayas v. Gregg Appliances, Inc. d/b/a H.H. Gregg Appliances*, 676 N.E. 2d 365 (Ind. Ct. App. 1997) (putative class action against vendor asserting, inter alia, intentional and negligent misrepresentation for assessment of sales tax on refrigerator delivery charge).

In this case, the Named Plaintiffs have neither explicitly alleged nor implicitly suggested that they attempted to invoke the refund procedures set forth in TBOR. As such, this Court is without subject matter jurisdiction to entertain their common law negligence and fraud claims, as well as their claims for declaratory and injunctive relief, and such claims should therefore be dismissed.

### C. Defendants owed the Named Plaintiffs no duty relative to the collection and remission of sales tax to ADOR.

Even if the Court did have subject matter jurisdiction over the Named Plaintiffs' negligence claims (it does not), such claims would fail as a matter of law

because Defendants owed the Named Plaintiffs no duty relative to the collection and remission to ADOR of sales tax.

In the Complaint, the Named Plaintiffs repeatedly allege that "Defendants required [the Named Plaintiffs] to pay sales tax for a non-taxable service." Complaint, at ¶¶ 23, 26, 30, 34, and 38.  In particular, the Named Plaintiffs allege that Ala. Code § 12-21-6.1 sets forth the reasonable costs and fees that medical providers may charge for reproduction of medical records, including a $5.00 search fee that, according to the Named Plaintiffs, "contemplates costs for searching, and not for the production or sale of a good."  Complaint, at ¶¶ 12-13.  Thus, the Named Plaintiffs allege that when Defendants charged sales tax on the search fee and other costs of reproduction, they violated Ala. Code § 40-23-2(1) .  *Id.*, at ¶¶ 17-20.

More specifically, in asserting their negligence claims, the Named Plaintiffs allege that Defendants "negligently misrepresented" a sales tax on "search and/or basic fees charged to patients requesting their medical records in violation of Alabama law," and on "costs of reproducing medical records charged to patients requesting their medical records."  Complaint, at ¶¶ 55(a) and 59(a).  The Named Plaintiffs further allege that Defendants negligently "charged and collected" sales tax "on search and/or basic fees charged to patients requesting medical records in violation of Alabama law" and "on costs of reproducing medical records charged to

patients requesting medical records in violation of Alabama law."  *Id.*, at ¶¶ 55(b) and 59(b).

As discussed in greater detail in Section III(D)(1), *infra*, the Named Plaintiffs' negligent misrepresentation claims fail because an alleged misrepresentation as to a matter of law cannot serve as the basis for an actionable misrepresentation claim.  In addition to this legal deficiency, the Named Plaintiffs' negligence claims also fail because Defendants owed no duty to the Named Plaintiffs in collecting and remitting sales tax to ADOR.  Instead, Defendants' only duty with respect to Alabama's statutorily-imposed sales tax is "to collect the tax from its customers and remit such collections to the State."  *See Ross Jewelers v. State*, 72 So. 2d 402, 409 (Ala. 1953) (holding, in a case involving a retailer's challenge of a sales tax assessment, that the "[sales] tax is laid against the customers of the retailer and not the retailer, the only duty or obligation of the retailer in the present case being to collect the tax from its customers and remit such collections to the State").

Thus, because "[i]t is axiomatic that the defendant in a negligence action must have a duty to the claimant," the Named Plaintiffs' inability to establish that Defendants owed them a duty under the facts at issue is fatal to their negligence claims.  *RaCON, Inc. v. Tuscaloosa County*, 953 So. 2d 321, 334 (Ala. 2006); *see also City of Crossville v. Haynes*, 925 So. 2d 944, 950 (Ala. 2005) ("We have held

that proof of the existence of a duty owing from the defendant to the injured party

is a prerequisite for proving negligence or wantonness…and that the question of

whether a legal duty exists is essentially a question of law for the court…")

(quoting *Keebler v. Winfield Carraway Hosp.*, 531 So. 2d 841, 844 (Ala. 1988)).

      That the Defendants owe a duty exclusively to the State of Alabama with

respect to the collection and remission of sales tax is also fatal to their negligence

*per se* theory—that Defendants were negligent via their alleged violation of

Alabama's sales tax statute.  Negligence *per se* claims are:

> based upon the principle that when an act is forbidden, or
> required, by an express provision of law, the legislature
> has adopted an absolute required standard of care which
> replaces the common-law standard of the reasonably
> prudent man. Anyone who violates that law, with
> resultant injury to one of those the law was intended to
> protect, is liable regardless of the circumstances.  Proof
> of violation is proof of negligence.

*Allen Trucking Co., Inc. v. Blakely Peanut Co.*, 340 So. 2d 452, 453 (Ala. Civ.

App. 1976).  Under Alabama law, "the violation of a statute is negligence *per se*

only as to those for whose benefit or protection it was enacted," and the "question

of whether a party is entitled to claim a breach of duty and right of action because

of violation of a statute, can only be answered with a court construction of the

purpose and intent of the statute."  *Id.*, at 453-54 (internal citations omitted).

      Although the Alabama Legislature did not specifically comment on its intent

and purpose in imposing sales tax, its provision for disposition of sales tax

27529581 v1                                    18

proceeds clearly indicates the Legislature's intent to promote public interests at the expense of individual taxpayers.  *See* ALA. CODE § 40-23-35 ("Disposition of revenues from [sales] tax") (earmarking sales tax proceeds for, among other uses, educational and conservation-based expenses, and soldier relief); *see also Dandy's Discount Package Store, Inc. v. Sizemore*, 597 So. 2d 1370, 1372 (Ala. Civ. App. 1992) (noting that the "retail sales tax is a tax on the ultimate consumer."); *accord Calhoun Pub. Co., Inc. v. State*, 517 So. 2d 643, 646 (Ala. Civ. App. 1987); *see also Jefferson County v. Hard*, 149 So. 81, 82 (Ala. 1933) ("The power of the state, through its legislative body, to levy such state taxes for a recognized public purpose, and to cause them to be so expended as will, in legislative judgment, best accomplish such purpose, is not open to serious debate.  Scarcely any tax paid by the citizen comes back to him or his community in benefits proportionate to the amount paid.").

The sales tax statute that the Named Plaintiffs allege Defendants violated was not passed for the Named Plaintiffs' benefit or to promote their interests. Quite to the contrary, the sales tax statute promotes public interests at the expense of the Named Plaintiffs, and other retail consumers.  As such, the Named Plaintiffs may not base their negligence claims on an alleged violation of a statute that was not passed for their benefit.  *See Smith v. Sears, Roebuck & Co.*, 672 So. 2d 794, 798 (Ala. Civ. App. 1995).

In *Smith*, *supra*, two (2) different taxpayer classes asserted various claims against a number of named and fictitious retailers alleging that these retailers had illegally collected sales tax on fertilizers, insecticides, and herbicides in violation of various Alabama sales tax statutes.  These cases were consolidated and in granting summary judgment to the retailers on the taxpayers' claims, the trial court noted, in relevant part, that the taxpayers had failed to prove that the provisions of Alabama's sales tax statute applicable to the imposition of such tax on fertilizers, insecticides and herbicides "imposed a duty on the merchants to properly charge sales tax," and that the purpose of these provisions was to "promote the interest of the State and the public in general."  *Smith*, 672 So. 2d at 798.  Thus, the trial court held that because the "duty created by the statute is owed to the State and not to the taxpayers," the retailers owed no duty to the taxpayers and, thus, "no cause of action for negligent or wanton violation of the statute existed."  *Id.*[2]

Defendants owed no duty to the Named Plaintiffs in this case; instead, Defendants' only duty relative to collection and remission of sales taxes was owed to ADOR under a statute passed to promote the public interest via the imposition of a sales tax on individual consumers.  Thus, for lack of any duty owed by

---

[2] The trial court's grant of summary judgment to the retailers was affirmed in its entirety. *Smith*, 672 So. 2d at 800.

Defendants to the Named Plaintiffs, the Named Plaintiffs' negligence claims fail as a matter of law and should be dismissed.

### D.     The Named Plaintiffs' fraud claims fail as a matter of law.

Even if the Court had subject matter jurisdiction over the Named Plaintiffs' fraud claims (it does not), these claims fail as a matter of law because they are based on an alleged misrepresentation of law and because they are not pled with the requisite particularity required under the Federal Rules of Civil Procedure.

### 1.     Alleged misrepresentations of law cannot serve as the basis for actionable fraud claims under Alabama law.

In asserting their fraud claims, the Named Plaintiffs allege that Defendants "misrepresented…an unauthorized and illegal purported 'sales tax' on services provided to patients," "misrepresented an unauthorized and illegal 'sales tax' on search and/or basic fees charged to patients requesting their medical records in violation of Alabama law," and "misrepresented an unauthorized and illegal sales tax on costs of reproducing medical records charged to patients requesting their medical records in violation of Alabama law."  Complaint, at ¶¶ 62-63, 67-68.

In essence, the Named Plaintiffs allege that Defendants misrepresented that they were required and/or authorized under Alabama law to collect sales tax on services they provided to the Named Plaintiffs.   Such an alleged misrepresentation—one of law and not fact—cannot form the basis for an actionable fraud claim under Alabama law.  *See Gill v. GMAC Ins. Co.*, No.

2:08cv779–WHA, 2009 WL 103189, at *3 (M.D. Ala. Jan. 14, 2009) ("Alabama courts have repeatedly held that 'misrepresentation or concealment as to [a] matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law.'") (quoting *Empiregas, Inc. of Ardmore v. Hardy*, 487 So. 2d 244, 248 (Ala. 1985) (quoting, in turn, *Clayton v. Glasscock*, 127 So. 538, 539 (Ala. 1930)).

In *Gill*, the plaintiff asserted a fraud claim against defendant based on a representation made by defendant's agent as to plaintiff's ability to drive a salvaged vehicle on Alabama roadways. This representation was inconsistent with an Alabama statute prohibiting a salvaged vehicle from being operated on Alabama roadways. Finding that the alleged misrepresentations were a "pure mistake of law" and further finding that "both parties had a mutual understanding of the facts surrounding the transaction," the Court held that plaintiff's fraud claim was "improperly predicated on an alleged misstatement of the law of the State of Alabama." 2009 WL 103189, at *3.

*Gill* is directly on point. Although the Defendants do not concede that their collection and remission to ADOR of sales tax on the subject transactions violated Alabama's sales tax statutes, even if it did, the mere inclusion of sales tax as a line item on an invoice sent by Defendants to the Named Plaintiffs and/or their

representatives does not constitute actionable fraud, as Defendants had "no duty to disclose laws that are accessible and presumed to be known by all."  *Johnson v. Sorensen*, 914 So. 2d 830, 838 (Ala. 2005).  As such, the Named Plaintiffs' fraud claims should be dismissed.

> ## 2.   The Named Plaintiffs' fraud claims are not pled with the requisite particularity.

In asserting their fraud claims, the Named Plaintiffs allege simply that Defendants "misrepresented" "an unauthorized and illegal 'sales tax'" on "services provided to patients" "on search and/or basic fees charged to patients requesting their medical records in violation of Alabama law," and "on costs of reproducing medical records charged to patients requesting their medical records in violation of Alabama law."  Complaint, at ¶¶ 63, 68.  Without more, these allegations do not satisfy the Federal Rules of Civil Procedure's minimal pleading standards for fraud claims.[3]

Under the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud…"  FED. R. CIV. P. 9(b) .  In construing this requirement, the Eleventh Circuit has held that a party alleging fraud must allege with particularity "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible

---

[3] In federal court, state claims for fraud must comply with the heightened pleading requirements in Fed. R. Civ. P. 9(b) .  *Morris v. Automobile Ins. Co. of Hartford, Conn.*, No. 2:12-CV-00837-RDP, 2012 WL 3637624, at *2 (N.D. Ala. Aug. 17, 2012).

for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) *what the defendants gained by the alleged fraud.*" *American Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

The Named Plaintiffs' one-sentence summation of the alleged fraud perpetrated by the Defendants falls far short of Rule 9(b)'s heightened pleading requirements.  In particular, among other omitted facts, Plaintiffs have made no allegation as to how the Defendants benefited from the alleged fraudulent misrepresentations.  This omission assumes special relevance in light of the fact that Defendants are not in possession of the sales tax collected from the Named Plaintiffs, as Defendants were required under Alabama law to (and did in fact) remit such sales tax to ADOR.  This logical disconnect in the Named Plaintiffs' fraud claims—why would Defendants engage in a fraudulent scheme which did not benefit them—has been addressed by other courts that have been presented with claims similar in nature to that asserted by the Named Plaintiffs.

Specifically, in *Blass v. Rite Aid of Connecticut, Inc.*, 16 A. 3d 855, 863 (Conn. Super. Ct. 2009), *aff'd*, 16 A. 3d 737 (Conn. App. 2011), the Court, in dismissing a claim under Connecticut's Unfair Trade Practices Act arising from the alleged practice of defendant to charge sales tax on the gross sales price of a

customer's purchase without subtracting the full face value of applicable coupons,

noted, in relevant part:

> A retailer gains no personal benefit from the overcollection of taxes. In fact, such activity only increases the retailer's prices, working against its economic interest. When a retailer overcharges sales tax, the customer's overall purchase price increases. Customers charged more per transaction are more likely to reduce purchases made from the retailer or, more harmful still, to shop at competing stores. Likewise, the defendant's action in this case was not commercial because when it collected the plaintiff's money for taxes, it did so as an agent of the State. There is no allegation that the defendant kept any of the miscollected taxes for itself.

*Blass*, 16 A. 3d at 863; *see also McGonagle v. Home Depot, U.S.A, Inc.*, 915 N.E.

2d 1083, 1089 (Mass. App. Ct. 2009) (holding that the collection and remission to

the Massachusetts Department of Revenue was a "legal duty and not a profit-

making exercise").

The Named Plaintiffs do not allege that Defendants are still in possession of

the sales tax made the basis of the Complaint, and they have failed to allege how

the Defendants benefited from an allegedly fraudulent scheme in which they

realized absolutely no pecuniary benefit. The Named Plaintiffs' inability to

logically plead any fraudulent motive on the part of the Defendants strikes at the

heart of their fraud claims and points to the necessity of their dismissal.

**E.**    **Injunctive relief is a remedy under Alabama law, a claim for such relief does not exist.**

The Named Plaintiffs' claim for injunctive relief should be dismissed under Fed. R. Civ. P. 12(b)(6) as such "claim" is not a claim at all but, instead, is a remedy, meaning that the Named Plaintiffs, in asserting a "claim" for injunctive relief, have not stated a claim upon which relief can be granted.  *See Moore v. Walter Coke, Inc.*, 294 F.R.D. 620, 632 (N.D. Ala. 2013) (holding that "injunctive relief is not a cause of action on its own, but rather a remedy, [and thus] it 'must be based upon a claim which would withstand scrutiny under Fed. R. Civ. P. 12(b)(6).'" (quoting *Kimerling Truck Parts, Inc. v. City of Birmingham*, No. CV–04–CO–00767–S, 2005 WL 4157440, at *6 (N.D. Ala. Nov. 17, 2005) *aff'd sub nom*, *Kimerling Truck Parts, Inc. v. Feigelson*, 180 Fed. App'x 846 (11th Cir. 2006)).  Here, not only have the Named Plaintiffs improperly asserted a "claim" for injunctive relief, but, as indicated above, they have not asserted a viable claim upon which the issuance of such relief can be based.  As such, the Named Plaintiffs' "claim" for injunctive relief fails as a matter of law, and should be dismissed.

## IV. CONCLUSION

WHEREFORE, based on the above, Defendants IOD, Inc. and CIOX Health, LLC request that the Court dismiss, with prejudice, all claims asserted

against them in this action, and issue other such relief as is justified under the circumstances.

Respectfully submitted,

s/ David W. Proctor
David W. Proctor (ASB-3254-P74D)
R. Rhett Owens (ASB-9215-A52O)

Attorneys for Defendants

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
dproctor@burr.com
rrowens@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 1st day of June, 2016:

Cameron L. Hogan
Lloyd & Hogan
2871 Acton Road
Birmingham, Alabama 35244

Diandra S. Debrosse-Zimmermann
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, Alabama 35203

s/ David W. Proctor
OF COUNSEL