# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONNA G. LOWERY, JOEL S. KELLY, III, BLAKE M. ELLIS, and SHEILA GARRETT, individually and on behalf of all others similarly situated,** | }<br>}<br>}<br>}<br>} |
| **Plaintiffs,** | }<br>} |
| v. | }   Case No.:  2:16-CV-862-RDP<br>} |
| **IOD, INC., and CIOX HEALTH, LLC,** | }<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

In the words of Benjamin Franklin, "[i]n this world, nothing can be said to be certain, except death and taxes." http://www.notable-quotes.com/f/franklin_benjamin.html.  Plaintiffs, however, allege that the state sales taxes imposed by Defendants for their services are not inevitable, and not even lawful. They seek damages for negligent and fraudulent conduct, along with an injunction to prevent Defendant from imposing such taxes in the future.

After the initial filing of this case in state court, a jurisdictional tug-of-war ensued. Defendants removed this action to this court under the Class Action Fairness Act ("CAFA"). Plaintiffs now seek remand to state court, arguing that this court lacks jurisdiction to interfere with the collection of state taxes. While this court finds this argument unpersuasive, the court nonetheless concludes that there are other grounds for remand because Defendants' basis for removal was improper.  Accordingly, for reasons explained below, Plaintiff's Motion to Remand is due to be granted.

I.  **Factual and Procedural History**

Plaintiffs, on behalf of themselves and a putative class, filed this action in the Circuit Court of Jefferson County, on April 14, 2016. (Doc. 1-1, p. 1). In their Complaint, Plaintiffs allege that Defendants, Iod, Inc. and CIOX Health, LLC, engaged in the wrongful and systematic charging of sales tax on their services involving the collection and reproduction of medical records. (*Id*.). Plaintiffs specifically allege that Defendants' charge of sales taxes for their services violated Alabama law, which levies sales tax only upon sellers "engaging or continuing … the business of selling [goods] at retail" within the state of Alabama. (Doc. 1-1, pp. 3-4) (citing § 40-23-2(1), Ala. Code 1975). Plaintiffs assert class claims of negligence and fraud, and seek damages and a permanent injunction enjoining defendants from imposing such taxes in the future. (*Id*. at 7-15).

On May 25, 2016, Defendants removed this case to this court.  (Doc. 1, p. 1). As grounds for their removal, Defendants asserted diversity jurisdiction under CAFA. (*Id*. at 3) (citing 28 U.S.C. 1332(d)).  Interestingly, upon removal, Defendants moved to dismiss Plaintiffs' claims on the grounds that this court does not have subject matter jurisdiction to adjudicate those claims. Defendants argue that Plaintiffs did not follow the requisite procedures for obtaining a sales tax refund under the Alabama Taxpayer Bill of Rights and Uniform Revenue Procedures Act ("TBOR"). (Doc. 4, p. 1) (citing Ala. Code § 40-2A-a, *et seq*.).

Plaintiffs' Motion to Remand challenges the removal, arguing that this court lacks subject matter jurisdiction under the Tax Injunction Act (the "TIA"), which prohibits federal courts from interfering with the assessment, levy, or collection of a tax under state law. (Doc. 13-1, pp. 1, 5).

## II. Discussion

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is axiomatic that this court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). The court has a duty to examine whether subject matter jurisdiction is proper in this case, even if a particular jurisdictional argument has not been raised by the parties. *See*, *e.g., Delta Coal Program v. Libman*, 743 F.2d 852, 854 (11th Cir. 1984); *In re Carter*, 618 F.2d 1093 (5th Cir. 1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

The removing party has the burden of establishing subject matter jurisdiction over a case removed to this court. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). "That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) (citations omitted). Courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

### A.     Removal Of This Case Under CAFA Was Improvident

In their Notice of Removal, Defendants assert that diversity jurisdiction under CAFA is present in this case.[1] (Doc. 1, p. 1). Under CAFA, federal diversity jurisdiction over class actions exists if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). Additionally, the size of the proposed class must contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

In removing a case, a defendant is only required to make a plausible allegation that the requirements of CAFA have been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). A defendant's amount-in-controversy allegations "should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. If the amount is challenged or questioned, evidence establishing the amount is required under Section 1446(c)(2)(B). *Id*. at 554.

Here, at first glance, Defendants' assertions regarding the existence of diversity and the size of the alleged class appear to be on target. (*See* Doc. 1, pp. 5-6). However, the court questions whether the amount in controversy exceeds CAFA's $5,000,000 jurisdictional threshold. Defendants concede that they are subject to potential monetary damages in the amount of $2,245,880.64, an amount which includes both compensatory damages and the maximum punitive damages. (*Id*. at 7-9). They assert that the remainder of the threshold jurisdictional amount is satisfied because the cost of a permanent injunction would deprive them of collecting $248,183.84 annually. (*Id*. at 8-9). Defendants state that they collected and

---

[1] In an apparent instance of Schrödinger's Jurisdiction, Defendants argue in their Motion to Dismiss that this court lacks subject-matter jurisdiction over Plaintiffs' negligence and fraud claims because they did not comply with the statutory procedures regarding taxpayer requests for sales tax refunds under Ala. Code § 40-2A-1. (Doc. 4, pp. 7). It is unclear how this court may simultaneously have and lack subject-matter jurisdiction.

remitted to the Alabama Department of Revenue $561,470.16 in sales tax revenue from January 1, 2014 to the date of the removal.  Thus, mathematically speaking, an injunction prohibiting the collection of the taxes at issue would have to remain in place for more than eleven years in order for the $5,000,000 threshold to be met.

It is, however, somewhat unclear how injunctive relief prohibiting the collection of these taxes would necessarily inure to Plaintiffs' benefit for purposes of satisfying the jurisdictional threshold.  Under Eleventh Circuit precedent, this court must consider injunctive relief's effect on the amount in controversy from the perspective of gains by Plaintiffs, not the cost to Defendants.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citing *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 12 F.3d 216, 218-20 (11th Cir. 1997) (holding that "the value of injunctive or declaratory relief is the 'value of the object of litigation' measured from the plaintiff's perspective" and that "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.")

Of course, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1062 (11th Cir. 2010).  But a court may not engage in "impermissible speculation" as to the amount in controversy without any evidence on the value of the claims at issue in a case. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co*., 483 F.3d 1184, 1220 (11th Cir. 2007).

Here, it is unclear to what extent Plaintiffs will gain from the imposition of the injunctive relief they seek.  This is particularly true because of the advent of electronic medical records which are frequently and readily accessible to patients via patient portals.  In light of these

changes in the form of medical records, any guess about the amount of future taxes that would *not* be collected as a result of an injunction would be just that – a guess, and a wholly speculative one at that. The court declines to engage in such rank speculation. "The removal statute contemplates a stronger basis for jurisdiction than mere speculation." *Wozniak v. Dolgencorp*, LLC, 2009 WL 4015577, at *2 (M.D. Fla. Nov. 19, 2009).

For these reasons, the court concludes that Defendants have not made a sufficient showing that the amount in controversy in this matter exceeds the jurisdictional threshold under CAFA. Because Defendants have not met their burden of establishing that federal jurisdiction is proper, Plaintiff's Motion to Remand is due to be granted.

**B.     The Tax Injunction Act Issue Favors Remand**

Plaintiff's Motion to Remand argues that this court should remand this case under the TIA. "Under the TIA, district courts are prohibited from 'enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'" *Kelly v. Alabama Dep't of Revenue*, 638 F. App'x 884, 888–89 (11th Cir. 2016) (quoting 28 U.S.C. § 1341. "Rather than confer jurisdiction, the TIA 'limits jurisdiction which might otherwise exist,' and 'was intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes.'" *Kelly*, 638 F. App'x at 888-89 (quoting *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232-33 (11th Cir. 1990)). In light of its overarching purpose to impede federal court interference with state tax systems, the TIA has been construed broadly. *Id.* (citing *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980)).

However, the legislative history of the TIA does not support the notion that there is some sweeping prohibition that precludes any "federal court interference with all aspects of state tax

6

administration." *Hibbs v. Winn*, 542 U.S. 88, 104 (2004).  Nevertheless, it is sometimes appropriate to decline to exercise federal jurisdiction due to comity concerns, even when the Tax Injunction Act does not deprive the court of subject matter jurisdiction. *See, e.g., Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1133-34 (2015) (holding that the TIA did not require dismissal and remanding to the lower court to determine if comity concerns nevertheless supported dismissal); *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424 (2010) (recognizing that "[t]he comity doctrine is more embracive than the T[ax Injunction Act]."). Concerns about comity arise from "a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways*." Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)).

Because of Defendants' failure to establish the requisite amount in controversy, in light of the TIA issue presented in this case, and due to notions of comity that permeate this case, the court determines that this action is due to be remanded.

### III.   Conclusion

For the foregoing reasons, the court finds that Defendants have not satisfied their burden of showing that the amount in controversy in this case satisfies the court's jurisdictional threshold under CAFA. Moreover, due to concerns about comity, even if this court has the power to entertain this action, it concludes it should not do so in favor of remanding the case to state court. Therefore, the case is due to be remanded to the Circuit Court of Jefferson County, Birmingham Division.  A separate order will be entered.

**DONE** and **ORDERED** this August 11, 2016.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE